UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAMIR CHOKSI,<br><br>               Plaintiff(s),<br><br>   v.<br><br>PRIME ASSET FUND,<br><br>              Defendant(s). | Case No. 2:14-CV-789 JCM (GWF)<br><br>ORDER |

Presently before the court is plaintiff Samir Choksi's (hereinafter "plaintiff") motion for default judgment. (Doc. # 6).

In this motion, plaintiff claims that defendant Prime Asset Fund (hereinafter "defendant") was properly served on June 25, 2014, and has failed to plead or otherwise defend in this action. (Doc. # 6). Therefore, plaintiff requests that the court grant a default judgment in his favor. Plaintiff includes an affidavit of service with his motion. (Doc. # 6-1).

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P. 55(b)(2).

The court will not issue a default judgment in this matter until the clerk has entered default. Thus, plaintiff's motion will be denied.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1   Accordingly,

2   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for

3   default judgment, (doc. # 6), be, and the same hereby is, DENIED.

4   DATED October 1, 2014.

            _____
            UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -